UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.  CR No. 09-071-ML

JOSE MALDONADO.

## MEMORANDUM AND ORDER

Jose Maldonado ("Maldonado"), proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1] For the reasons set forth below, Maldonado's motion is denied.[2]

### I. Background and Travel

In April 2009, federal agents executed a search warrant on Maldonado and his Warwick, Rhode Island apartment. United States v. Maldonado, 708 F.3d 38 (1st Cir. 2013). The agents discovered crack and powder cocaine, a digital scale, over $6,500, and a driver's license which indicated that Maldonado lived in Cranston, Rhode Island. Id. After Maldonado was arrested and received his Miranda[3] warnings, Maldonado spoke with agents. Id. Maldonado explained that he operated his drug business from Warwick in order to insulate his family, in Cranston, from the dangers associated with his occupation. Id. After securing Maldonado's consent, agents searched the Cranston address and discovered a hidden compartment in a closet. Id.

---

[1] Since Maldonado has filed this motion pro se, the Court construes his motion liberally. United States v. Stierhoff, Cr. No. 06-42 ML, 2011 WL 6003888 (D.R.I. November 30, 2011.)

[2] Maldonado filed his initial motion in March of 2013. He filed a second motion, before the Court ruled on his initial motion, in July of 2013.

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

Inside the compartment agents found two handguns, ammunition, drugs, and scales. In a tape-recorded confession, Maldonado admitted he had been dealing drugs for about a year and he acknowledged his ownership of the handguns. Id. Agents also discovered crack and powder cocaine and heroin in Maldonado's vehicle. Id.

Maldonado was charged with two counts of possession with the intent to distribute heroin, two counts of possession with the intent to distribute cocaine base, one count of possession with the intent to distribute cocaine powder, and one count of possession of two firearms in furtherance of a drug trafficking crime. A jury convicted Maldonado on all counts. Id. He was sentenced to one hundred and eighty-one months in prison and five years of supervised release. Id. Maldonado appealed his conviction to the First Circuit; the First Circuit affirmed the conviction. Id.

Maldonado argues that his counsel was ineffective because, on appeal, counsel failed to argue that Maldonado "did not actively use or carry a firearm in relation to the drug offense," and because counsel failed to object to a sentencing enhancement. Motion To Vacate at 4-5; Docket #136. Maldonado also contends that the Government improperly coerced him into entering a guilty plea by threatening to prosecute his wife.

## II. Standard of Review

Pursuant to section 2255:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Relief under Section 2255 is available only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law.  See United States v. Addonizio, 442 U.S. 178, 185 (1979) (holding that "an error of law does not provide a basis for [a] collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice") (internal quotation marks and citation omitted).  A fundamental error of law is a defect "which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (internal quotation marks and citation omitted).

A prisoner seeking relief under § 2255 is procedurally barred from raising issues not presented on direct appeal unless he demonstrates "cause and prejudice . . . or, alternatively, that he is actually innocent."  Hughes v. United States, 241 F. Supp. 2d 148, 152 (D.R.I. 2003) (internal quotation marks and citation omitted).  Generally, claims of sentencing errors are not cognizable in a § 2255 proceeding absent "exceptional circumstances;" however, a petition does not face the same hurdle for claims of ineffective assistance of counsel regarding sentencing. Knight, 37 F.3d at 773–74.

Under the Sixth Amendment, each defendant is guaranteed the right to effective assistance of counsel.  To prevail on a claim of ineffective assistance of counsel, a petitioner must show: that (1) counsel's performance was deficient, *i.e.* "counsel's representation fell below an objective standard of reasonableness;" and (2) the deficient performance prejudiced the defense, *i.e.* "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  "A failure to show prejudice will suffice to defeat a particular claim, without reference

to the level of counsel's performance." Nguyen v. United States, 230 F. Supp. 2d 94, 96 (D. Me. 2002).

The Court may, without holding an evidentiary hearing, dismiss a § 2255 motion if "it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations . . . consist of no more than conclusory prognostication and perfervid rhetoric. . . ." Moreno-Espada v. United States, 666 F.3d 60, 66 (1st Cir. 2012) (internal quotation marks and citation omitted).

III. Discussion

A. Second or Successive Motion

Generally, a district court may not entertain a second or successive § 2255 motion unless the Court of Appeals has certified such action. See generally 28 U.S.C. §§ 2244; Trenkler v. United States, 536 F.3d 85 (1st Cir. 2008). However, "when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." United States v. Allen, Cr. No. 06-10170-MLW, 2013 WL 6838162, at *10 (D. Mass. Dec. 24, 2013) (internal quotation marks and citation omitted); see also United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005) (amendments to § 2255 motions are controlled by Fed. R. Civ. P. 15).

Maldonado filed his initial motion to vacate on March 6, 2013. On July 29, 2013, before the Court ruled on his initial motion, Maldonado filed a second § 2255 motion. The Court assumes, without deciding, that Maldonado's second filing is a timely motion to amend his initial filing. See generally Allen, 2013 WL 6838162, at *10.

4

B. Ineffective Assistance of Counsel

Maldonado argues his counsel was ineffective because, on appeal, counsel failed to argue that Maldonado did not actively use or carry a firearm to advance his drug trafficking exploits. Maldonado, however, was not charged with, or convicted of, actively using or carrying a firearm. Maldonado was charged with violating 18 U.S.C. § 924(c)(1)(A), possessing a firearm in furtherance of a drug trafficking crime. To prove possession of a firearm in furtherance of a drug trafficking crime, the government had to prove that Maldonado "committed a drug trafficking crime; . . . knowingly possessed a firearm; and . . . possessed the firearm in furtherance of the drug trafficking crime." United States v. Bobadilla-Pagan, 747 F.3d 26, 35 (1st Cir. 2014). A violation of 18 U.S.C. § 924(c)(1)(A) requires a "sufficient nexus between the firearm and the drug crime such that the firearm advances or promotes the drug crime." United States v. Gurka, 605 F.3d 40, 44 (1st Cir. 2010). "Constructive possession," under § 924(c), is defined as "the power and intention to exercise dominion and control over a firearm directly or through others." United States v. Rodriguez–Lozada, 558 F.3d 29, 40 (1st Cir. 2009) (internal quotation marks and citation omitted).

The evidence was clear that Maldonado committed a drug trafficking crime. Maldonado admitted that he owned the firearms and the evidence reflected that the firearms and drugs were stored closely together at the Cranston address; thus both the nexus to drug trafficking and the possession requirements of 18 U.S.C. § 924(c)(1)(A) were satisfied. See generally Bobadilla-Pagan, 747 F.3d at 35 (noting "the proximity of the firearm to drugs or contraband" is a factor to be considered under 18 U.S.C. § 924(c)(1)(A)). The Government was not required to prove that Maldonado used or physically carried the firearms. Thus, counsel's failure to argue that

Maldonado did not use or carry a firearm on appeal did not prejudice Maldonado. This claim fails. See generally Nguyen, 230 F. Supp. 2d 94.

Next, Maldonado claims that his counsel was ineffective because counsel did not object to a sentencing enhancement for the possession of a firearm. See generally U.S.S.G. § 2D1.1(b)(1). Maldonado's offense level was not enhanced under § 2D1.1 of the guidelines. Therefore, any objection by counsel would have been meritless as the enhancement was never included. See generally Strickland, 466 U.S. 668.

### C. Prosecutorial Misconduct

Maldonado contends that his "[g]uilty plea [was] induced by [a] promise or coercion that his wife would not be prosecuted . . . if [Maldonado] entered a [g]uilty [p]lea. . . ." Motion To Vacate at 6; Docket at #136. It is not clear, however, if Maldonado argues that his counsel was ineffective because he failed to raise the alleged prosecutorial misconduct issue. Maldonado's lack of clarity in his argument, however, is of no moment because the argument is wholly unsupported.

To qualify for § 2255 relief, prosecutorial misconduct must have violated Maldonado's due process rights. Moreno-Morales v. United States, 334 F.3d 140 (1st Cir. 2003). Maldonado's claim of prosecutorial misconduct plainly fails because he did not enter a guilty plea. He chose to submit the charges against him to a jury and that jury ultimately found Maldonado guilty.

### D. Other Arguments

Maldonado raises several other arguments in his filings. Any argument that the Court has not specifically addressed herein has been carefully reviewed and found to be without merit.

## IV. Conclusion

Maldonado's motion to vacate, set aside, or correct his sentence is denied and dismissed.

## Certificate of Appealabilty

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Maldonado has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. 2253(c)(2).

Maldonado is further advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rules Governing Section 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
May 30, 2014